UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:21-cr-61-MSS-CPT

EMRAH KUC

**NOTICE OF MAXIMUM PENALTIES, ELEMENTS OF OFFENSE, PERSONALIZATION OF ELEMENTS AND FACTUAL BASIS**

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, hereby files this Notice of Maximum Penalties, Elements of Offense, Personalization of Elements and Factual Basis, stating as follows:

ESSENTIAL ELEMENTS

The essential elements of Count One, a violation of 18 U.S.C. § 2252(a)(2) and (b)(1), receipt of child pornography, are as follows:

    First:     the defendant did knowingly receive, and attempt to receive, a visual depiction;

    Second:     the depiction was shipped or transported using any means and facility of interstate and foreign commerce or shipped and transported in and affecting interstate and foreign commerce, by any means including by computer;

    Third:     producing the visual depiction involved using a minor engaged in sexually explicit conduct;

    Fourth:     the depiction is of a minor engaged in sexually explicit conduct; and

> Fifth: the defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

The essential elements of Counts Two, Three, and Four, violations of 18 U.S.C. § 2252(a)(2) and (b)(1), distribution of child pornography, are as follows:

> First: the defendant did knowingly distribute, and attempt to distribute, a visual depiction;
>
> Second: the depiction was shipped or transported using any means and facility of interstate and foreign commerce or shipped and transported in and affecting interstate and foreign commerce, by any means including by computer;
>
> Third: producing the visual depiction involved using a minor engaged in sexually explicit conduct;
>
> Fourth: the depiction is of a minor engaged in sexually explicit conduct; and
>
> Fifth: the defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

The essential elements of Count Five, a violation of 18 U.S.C. § 2251(a) and (e), production of child pornography, are as follows:

> First: an actual minor, that is, a real person who was less than 18 years old, was depicted;
>
> Second: the defendant employed, used, persuaded, induced enticed, and coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and
>
> Third: the visual depiction was produced and transmitted using

materials that had been mailed, shipped, and transported in and affecting interstate or foreign commerce by any means, including by computer;

The essential elements of Count Six, a violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), possession of child pornography, are as follows:

<u>First</u>: that the Defendant knowingly possessed, or attempted to possess, one or more matters that contained a visual depiction;

<u>Second</u>: the depiction had been shipped or transported using any means or facility of interstate or foreign commerce, or shipped or transported in or affecting interstate or foreign commerce, or produced using materials which had been shipped or transported using any means or facility of interstate and foreign commerce, or produced using materials that had been shipped or transported in and affecting interstate and foreign commerce, including by computer;

<u>Third</u>: producing the visual depiction involved using a minor engaged in sexually explicit conduct;

<u>Fourth</u>: the depiction is of a minor, under the age of 12, engaged in sexually explicit conduct; and

<u>Fifth</u>: the defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

<u>PENALTY</u>

The offense charged in Count One of the Indictment is punishable by a mandatory minimum term of imprisonment of 5 years up to 20 years, a maximum fine of $250,000, a term of supervised release of at least 5 years up to life, and a

special assessment of $100 per felony count for individuals. The offenses charged in Counts Two, Three and Four of the Indictment are punishable by a mandatory minimum term of imprisonment of 5 years up to 20 years, a maximum fine of $250,000, a term of supervised release of at least 5 years up to life, and a special assessment of $100 per felony count for individuals. The offense charged in Count Five of the Indictment is punishable by a mandatory minimum term of imprisonment of 15 years up to 30 years, a maximum fine of $250,000, a term of supervised release of at least 5 years up to life, and a special assessment of $100 per felony count for individuals. The offense charged in Count Six carries a maximum sentence of 20 years imprisonment, a maximum fine of $250,000, a term of supervised release of 5 years up to life, and a special assessment of $100 per felony count for individuals.

Under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a maximum sentence of 20 years' imprisonment may be imposed on Count Six because the following facts have been admitted by the defendant and are established by this plea of guilty: The defendant knowingly possessed images of child pornography depicting a minor who had not attained 12 years of age.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s). 18 U.S.C. § 2259; to 18 U.S.C. §§ 3663(a)(3) and/or 3663A(a)(3).

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in

violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

The defendant is further advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

Additionally, the defendant must forfeit property, pursuant to 18 U.S.C. § 2253, as outlined in the Indictment.  Among the items that will be forfeited are the following: Macbook Pro (S/N C02JVVX5DTY3), Apple iPhone A1549 (IMEI 354407066332791), Apple iPhone A1634 (IMEI 354952070863596), Apple iPhone

5

A1687 (IMEI 353290070755160), and Apple iPhone A1533 (IMEI 013967002206204), which assets were used in the commission of the crime.

## FACTUAL BASIS

On November 26, 2019, using an Apple iPhone, which was manufactured outside the United States, the defendant, Emrah KUC (KUC), produced a video of a minor's sexual abuse. This video was produced within the Middle District of Florida. On January 15, 2021, KUC, knowingly possessed child pornography. KUC received and distributed child pornography using the internet, through Kik messenger, as well as other means, and stored the child pornography on her electronic devices, to include: a Macbook Pro (S/N C02JVVX5DTY3), an Apple iPhone A1549 (IMEI 354407066332791), an Apple iPhone A1634 (IMEI 354952070863596), and an Apple iPhone A1687 (IMEI 353290070755160), and iPhone 11 ProMax, (IMEI 353906109908963).

On January 15, 2021, federal agents executed a search warrant at KUC's residence, which is in the Middle District of Florida. There, they discovered and seized the various electronic devices listed above from KUC's bedroom, inside dresser draws and under her bed. Each of the above-listed cellular phones backed up to the Macbook Pro. The Macbook Pro had a folder for an iPhone 8 Plus, labeled as "Emra's iPhone." That folder contained approximately 506 images and videos of child pornography.

After the execution of the search warrant, KUC agreed to speak with law enforcement. On January 15, 2021, at the time of the interview, KUC

providedfederal agents with her latest cellular device, an iPhone 11 ProMax, (IMEI 353906109908963) to which she provided the passcode. Located on this device was additional child pornography, to include a twenty-two second video depicting an adult male masturbating and ejaculating on the genitals of a female under the age of one-year-old.

The images of child pornography retrieved were sent to the National Centerfor Missing and Exploited Children (NCMEC), which has currently identified 301images, seven videos, and 52 known child pornography series. The images of the victims identified by NCMEC originated from a variety of domestic and foreign locations outside the state of Florida.

In addition to possessing videos of child pornography, KUC produced videos of child pornography. A forensic search of her iPhone A1634 revealed a seven second video of an approximately two- to three-year-old female child[1] who appeared to be lying on her stomach. In the video, all that is visible is the minor female's vaginal area. A hand can be seen pulling the minor's shorts and diaper to the side. The hand then spreads the minor's vagina, so that the inner portion of the vagina andthe anus of the minor is visible. Forensic data associated with the video indicated it was created on or around November 26, 2019. There is a second video, approximately seven seconds in length, which depicts a minor female between two and three years old playing with an adult female's breast and nipple

---

[1] KUC has a three- to four-year-old family member, believed to be the subject of this video.

ring. Forensic data associated with the video indicates it was created on or around January 19, 2020. The hand that can be seen in the first video has a distinct manicure (long, pointed, glittery nails). Those nails are the same nails depicted in other images of KUC on the same device. Forensic data associated with these other images indicatedthey were created on or around November 20, 24, and 27, 2019. The nipple ring thatis visible in the second video is also visible in other images and videos of KUC exposing her breasts.

    The above is merely a brief summary of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all of the events, persons involved, or other information relatingto this case.

                                 Respectfully submitted,

                                 ROGER B. HANDBERG
                               United States Attorney

By:  */s/Ilyssa M. Spergel*
      Ilyssa M. Spergel
      Assistant United States Attorney
      Florida Bar No. 0102856
      400 N. Tampa Street, Suite 3200
      Tampa, Florida 33602
      Telephone:  (813) 274-6300
      Facsimile:   (813) 274-6178
      E-mail: ilyssa.spergel@usdoj.gov

U.S. v. EMRAH KUC                                         Case No. 8:21-cr-61-MSS-CPT

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

>                     /s/Ilyssa M. Spergel
>                     Ilyssa M. Spergel
>                     Assistant United States Attorney
>                     Florida Bar No. 0102856
>                     400 N. Tampa Street, Suite 3200
>                     Tampa, Florida 33602
>                     Telephone:  (813) 274-6300
>                     Facsimile:   (813) 274-6178
>                     E-mail: ilyssa.spergel@usdoj.gov