UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:21-cr-61-MSS-CPT

EMRAH KUC

**UNITED STATES' MOTION FOR
PRELIMINARY ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, the United States of America moves for a preliminary order of forfeiture for a Macbook Pro (S/N C02JVVX5DTY3), Apple iPhone A1549 (IMEI 354407066332791), Apple iPhone A1634 (IMEI 354952070863596), Apple iPhone A1687 (IMEI 353290070755160), and Apple iPhone A1533 (IMEI 013967002206204).

The United States asks that the order of forfeiture become final as to the defendant at sentencing. In support of its motion, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

**I.   Statement of Facts**

    **A.   Allegations Against the Defendant**

1.   The defendant was charged in an Indictment with one count of receipt of child exploitation material, in violation of 18 U.S.C. §§ 2251(a)(2) and (b)(1) (Count One); three counts of distribution of child exploitation material, in violation

of 18 U.S.C. §§ 2252(a)(2) and (b)(1) (Counts Two, Three, and Four); one count of production of child exploitation material, in violation of 18 U.S.C. §§ 2252(a) and (e) (Count Five); and possession of child exploitation material, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) (Count Six).  Doc. 1.

2. The forfeiture allegations of the Indictment notified the defendant that, under the provisions of 18 U.S.C. § 2253, the United States intended to forfeit any and all assets which were used to commit or to promote the commission of the offenses, including the assets listed above.  *Id.* at 5.

**B.  Findings of Guilt**

3. On December 12, 2022, without the benefit of a plea agreement, the defendant pleaded guilty to Counts One through Six before United States Magistrate Judge Christopher P. Tuite who recommended that his plea be accepted.  Docs. 114, 116.  On January 5, 2023, United States District Judge Mary S. Scriven accepted his plea and adjudicated him guilty.  Doc. 117.  The Court scheduled the defendant's sentencing for March 23, 2023.  *Id.*

4. The United States' Notice of Maximum Penalty, Elements of Offense, Personalization of Elements and Factual Basis (Doc. 111), describes the conduct underlying the charges in the Indictment and provides support for the forfeiture of the assets identified above.

## II. Applicable Law

### A. Forfeiture Statute

18 U.S.C. § 2253 authorizes the forfeiture of any property used or intended to be used to commit or to promote the commission of the violations of 18 U.S.C. §§ 2251 and/or 2252 (Counts One through Six), using the procedures outlined in 21 U.S.C. § 853. *See* 18 U.S.C. § 2253.

### B. Court's Determination of Forfeiture

Rule 32.2(b)(1) requires that as soon as practical after a verdict or finding of guilty, or a plea of guilty is accepted, the court must determine what property is subject to forfeiture under the applicable statute. Where the government seeks forfeiture of specific property, the Court must determine whether the government has established the requisite nexus between the property and the offenses of conviction. Fed. R. Crim. P. 32.2(b)(1)(A).

The defendant's conviction on Counts One through Six are sufficient to establish the nexus between the assets and the offenses of conviction.

## III. Conclusion

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, the Court forfeit to the United States the assets identified above, subject to the provisions of 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c).

As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order, directly or by reference, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

Upon issuance of the Preliminary Order of Forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the property and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the property. Determining whether a third party has any interest in the property must be deferred until a third-party file a claim in an ancillary proceeding under Rule 32.2(c).

The United States further requests that the order of forfeiture become final as to the defendant at sentencing.

The United States requests that the Court retain jurisdiction to address any third-party interest that may be asserted and to complete the forfeiture and disposition of the property.

Respectfully Submitted,

ROGER B. HANDBERG
United States Attorney

By:     *s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney
Florida Bar Number 472867
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
E-mail: james.muench2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney